UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COURTNEY ALSTON,

                          Plaintiff,                                     **ORDER**

            -against-                                     11-CV-340 (JBW)

CITY OF NEW YORK, et al.,

                          Defendants.
-------------------------------------------------------------x

      An initial conference will be held in this case at 12:00 p.m. on May 17, 2011, before United States Magistrate Judge Roanne L. Mann, in Courtroom #13C-S, at 225 Cadman Plaza East, Brooklyn, New York.  *Counsel for all parties (and any pro se parties) must be present*.

      **Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference.**  In the event an answer has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference as soon as an answer is filed, or as soon as plaintiff's counsel learns the identity of defense counsel, whichever occurs first.  Plaintiff's counsel is to notify the undersigned, **in writing**, at least two days before the scheduled conference, if an answer still has not been filed.  **Requests for adjournments will not be considered unless made at least forty-eight (48) hours before the scheduled conference.**

      **PRIOR TO THE CONFERENCE, THE PARTIES ARE TO COMPLY WITH THE REQUIREMENTS UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**  The parties shall meet at least five business days before the initial conference to discuss the matters specified in Fed. R. Civ. P. 26(f) and 16(b); counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored

data, and the cost of locating, maintaining and producing that data, and (2) whether any party will rely upon expert testimony and, if so, whether counsel are able to reach an agreement on how material exchanged between counsel and any expert witness will be treated, and in particular whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained.  Counsel shall then complete the attached questionnaire.  No written report or discovery plan required by Rule 26(f) need be filed with the Court, but the completed questionnaire must be brought to the conference.  At least two days prior to the conference, the parties shall also exchange the names and, if known, the addresses and telephone numbers of persons who are likely to have knowledge of discoverable information relevant to dispute facts, and comply with the automatic disclosure requirements in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

     Additional discovery may commence prior to the initial conference.

     At the initial conference, counsel shall be **fully prepared** to discuss this matter and any questions regarding this case, including jurisdiction, venue, schedules for discovery and for trial, and settlement.  Counsel shall be prepared to stipulate to facts as to which there is no genuine dispute: e.g., the time and place of events that are the subject of the litigation, the owners and operators of the instrumentalities or property involved, the status of the parties, the extent of any insurance coverage and whether required administrative procedures have been followed, required notices given, and reports made.

     **All cases have been assigned to the Court's Electronic Case Filing Program.  The parties shall file all future submissions electronically.  It is the responsibility of the parties to regularly monitor the status of their cases to avoid missing deadlines and court appearances.**

It is also the responsibility of the parties to comply with the Individual Rules of the judges assigned to this case.

SO ORDERED.

Dated: Brooklyn, New York
April 19, 2011

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

Case Name: <u>COURTNEY ALSTON v. CITY OF NEW YORK, et al.</u>
Docket #: <u>11-CV-340 (JBW)</u>

**INITIAL CONFERENCE QUESTIONNAIRE**

1. Date for completion of automatic disclosures required by Fed. R. Civ. P. 26(a)(1), if not yet made: _____

2. If additional interrogatories beyond the 25 permitted under Fed. R. Civ. P. 33(a) are needed, the maximum *additional* ones by: plaintiff(s) _____ and defendant(s) _____

3. Maximum number of requests for admission by: plaintiff(s) _____ and defendant(s) _____

4. Number of depositions by plaintiff(s) of: parties _____ non-parties _____

5. Number of depositions by defendant(s) of: parties _____ non-parties _____

6. Time limit per deposition (if more than 7 hours permitted by Fed. R. Civ. P. 30 (d)(1) is required): _____

7. Date for completion of factual discovery: _____

8. Number of expert witnesses of plaintiff(s): _____ medical _____ non-medical

    Date for expert disclosure, including report(s): _____

9. Number of expert witnesses of defendant(s): _____ medical _____ non-medical

    Date for expert disclosure, including report(s): _____

10. Dates for completion of expert depositions (if desired): _____

11. Time for amendment of the pleadings by plaintiff(s) _____ and by defendant(s) _____

12. Number of proposed additional parties to be joined by plaintiff(s) _____ and defendant(s) _____ and time for completion of joinder (including service): _____

13. Types of contemplated dispositive motions: _____

14. Dates for filing/serving contemplated dispositive motions: _____

15. Have counsel reached any agreements regarding electronic discovery? If so, please described at the initial conference.

16. Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts? If so, please describe at the initial conference.

17. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)? [Does not affect right to jury trial]   Yes _____   No _____